UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-24429-CIV-MORENO/GOODMAN

MATTHEW GEORGE OCHMANSKI,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS

Matthew George Ochmanski ("Ochmanski" or "Plaintiff") filed an unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs pursuant to 31 U.S.C. § 1304. [ECF Nos. 24; 24-2]. Defendant does not oppose the motion. [ECF No. 24, p. 1]. According to the Clerk's directive in these types of administrative appeals, all pretrial, non-dispositive matters have been referred to the Undersigned. [ECF No. 2].

Pursuant to the EAJA, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion and award Plaintiff **$ 8,610.92** in attorney's fees and $402.00

in costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

I. **BACKGROUND**

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on December 23, 2021. [ECF No. 1]. Plaintiff filed a motion for summary judgment and an opposition response. [ECF Nos. 13; 20]. The Commissioner filed her own summary judgment motion, which also served as her opposition response to Ochmanski's motion. [ECF No. 17]. The Undersigned issued a Report and Recommendations [ECF No. 21] recommending that Plaintiff's summary judgment motion be granted. Senior United States District Judge Federico A. Moreno adopted the Report and Recommendations and entered a Final Judgment in favor of Plaintiff and against Defendant. [ECF Nos. 22-23]. Thereafter, Plaintiff filed the instant unopposed motion for attorney's fees under the EAJA and costs pursuant to 31 U.S.C. § 1304. [ECF Nos. 24; 24-1].

II. **DISCUSSION**

A. <u>**Entitlement to Attorney's Fees**</u>

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other

than the United States fees and other expenses, in addition to any costs." 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, because Plaintiff obtained a judgment in his favor, he is the prevailing party for purposes of the EAJA. *See Escalona v. Kijakazi*, No. 1:21-CV-20652-KMM, 2022 WL 18356253, at *1 (S.D. Fla. Dec. 30, 2022), report and recommendation adopted, No. 1:21-CV-20652-KMM, 2023 WL 199373 (S.D. Fla. Jan. 17, 2023) ("[The] [p]laintiff is the prevailing party in this litigation, as the Court remanded this case to the Commissioner of Social Security for further proceedings after granting summary judgment in favor of [the] [p]laintiff."). Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, the Undersigned finds that Plaintiff is entitled to receive attorney's fees under the EAJA.

B. **Amount of Attorney's Fees**

The EAJA provides:

The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished,

> except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, "[t]he parties stipulate[d] to an adjusted hourly rate of $234.95 per hour for this case." [ECF No. 24-4, ¶ 10]. Courts have approved comparable EAJA hourly rates. *See Hallam v. Comm'r of Soc. Sec.*, No. 8:21-CV-3005-JSS, 2022 WL 4761655, at *2 (M.D. Fla. Oct. 3, 2022) (approving EAJA hourly rate of $233.07 for work performed in 2022); *Hutchinson v. Comm'r of Soc. Sec.*, No. 6:22-CV-198-MAP, 2022 WL 17104836, at *1 (M.D. Fla. Nov. 22, 2022) (approving hourly rate of $232.40); *Jones v. Kijakazi*, No. 8:22-CV-134-CPT, 2022 WL 17608769, at *2 (M.D. Fla. Dec. 13, 2022) (approving EAJA hourly rate of $231.49 for work performed in 2022); *Cousineau v. Comm'r of Soc. Sec.*, No. 8:21-CV-1815-JSS, 2022 WL 4384088, at *2 (M.D. Fla. Sept. 22, 2022) (approving $231.49 hourly rate for work performed in 2022). The Commissioner has stipulated to this hourly rate and the Undersigned finds the requested rate to be reasonable.

Plaintiff asserts that his attorneys expended a total of 55.30 hours on his case. [ECF No. 24-5]. The time expended on the case by Plaintiff's counsel multiplied by the above stipulated hourly rate would result in $12,992.74. "However, the parties have agreed informally to fees of $8,610.92 to avoid litigation of the fee issue." [ECF No. 24-4, p. 3].

4

The Undersigned has reviewed the billing records [ECF No. 24-5] submitted with Plaintiff's motion (and is familiar with Plaintiff's counsel's work in this case) and finds the stipulated reduced fee amount of $8,610.92 to be reasonable. Moreover, the Commissioner has stipulated to this amount.

### C. Costs

Plaintiff also seeks to recover $402.00 for the filing fee. The docket reflects that Plaintiff paid this filing fee. [ECF No. 1 ("Filing fees $402.00 receipt number AFLSDC-15271429, filed by Matthew George Ochmanski.")]. Plaintiff should be permitted to recover this cost. *See Lee v. Comm'r of Soc. Sec.*, No. 21-CIV-80677, 2023 WL 399804, at *3 (S.D. Fla. Jan. 10, 2023), report and recommendation adopted, No. 21-80677-CV, 2023 WL 399849 (S.D. Fla. Jan. 25, 2023) (awarding $402.00 filing fee because "the EAJA permits an award of costs" and the parties agreed to the recovery of this cost); *Foerster v. Kijakazi*, No. 8:22-CV-1624-CPT, 2023 WL 2527010, at *3 (M.D. Fla. Mar. 15, 2023) ("find[ing] that the [p]laintiff [was] entitled to recover from the judgment fund the $402 filing fee he was charged to commence this matter" (citing 31 U.S.C. § 1304)). Here, Plaintiff represents that the Commissioner does not oppose his motion. Accordingly, the Court should award this cost.

### III. CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$8,610.92** in attorney's fees and

5

**$402.00** in costs, contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## IV. OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection.[1] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, March 29, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record

---

[1] The Undersigned is shortening the objections period because Defendant does not oppose Plaintiff's fees and costs motion.